UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEVIN HARDAWAY, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:14-CV-0542-CAP |
| SGT. DWIGHT HAMILTON, Individually and in his official capacity, and LEONARD DRYER, Individually and in his official capacity, | |
| Defendants. | |

# **O R D E R**

This matter is before the court on the motion to dismiss the official capacity claims against the defendants [Doc. No. 92]. The plaintiff has filed a brief in opposition, and the defendants have filed a reply brief. Therefore, the motion is ripe for adjudication.

**I. Background**

The plaintiff, acting pro se, filed this action in February 2014 raising claims under 42 U.S.C. § 1983 based on events that occurred when while he was incarcerated at the DeKalb County Jail [Doc. No. 1]. On November 21, 2014, this court issued an order pursuant to 28 U.S.C. § 1915A dismissing all claims except the excessive force claims against Dwight Hamilton. [Doc. No. 12]. After being served and filing an answer, Hamilton moved to stay this

case pending the outcome of his federal criminal charges related to his alleged use of excessive force against the plaintiff [Doc. No. 26]. On August 11, 2015, the court granted the motion to stay until judgment was entered in the criminal case [Doc. No. 27]. Ultimately, Hamilton entered a guilty plea and was sentenced to twelve-months imprisonment. *United States v. Hamilton*, Criminal Action No. 1:15-CR-TCB-LTW (N.D. Ga. Feb. 8, 2018).

On May 22, 2019, this court granted the plaintiff's motion to lift the stay because the criminal proceedings had terminated. On September 13, 2019, the court granted the plaintiff's motion for appointment of counsel when Attorneys Jeffrey J. Costolnick and Lauren Zeldin of the law firm of Ogletree, Deakins, Nash, Smoak & Stewart accepted the appointment pro bono [Doc. No. 59]. At the request of Hamilton, the court sought pro bono counsel to represent him as well. After months of efforts to locate volunteer counsel to represent Hamilton pro bono, the court appointed Attorney Davin Cheng [Doc. No. 67]. The court is appreciative of the volunteer efforts of the pro bono counsel in this matter.

Upon appearance of pro bono counsel, the court extended the discovery period through May 21, 2020. Meanwhile, on April 23, 2020, with the consent of Hamilton and leave of court [Doc. No. 86], the plaintiff filed an amended complaint [Doc. No. 87]. The amended complaint added individual and official capacity claims against Leonard Dreyer, who was Hamilton's co-

defendant in the criminal action. Also, the amended complaint added official capacity claims against Hamilton. A motion to dismiss the official capacity claims—against both Hamilton and Dreyer—has been filed by the DeKalb County Attorney's office [Doc. No. 92]. No responsive pleading has been filed by Dreyer with respect to the individual capacity claims against him.

**II. Rule 12(b)(6) Motion to Dismiss Standard**

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321-22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

**III. Analysis**

The motion to dismiss the official capacity claims against Hamilton and Dreyer argues that Eleventh Amendment immunity bars the claims because Dreyer and Hamilton were state actors administering jail policies and practice. In response, the plaintiff contends that Hamilton and Dreyer, in

3

their official capacities, were not arms of the state when they allegedly used excessive force against the plaintiff, and therefore, the Eleventh Amendment does not apply.

> Under 42 U.S.C. § 1983,
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (internal quotes and citation omitted).

The United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). On the contrary, states and their officials, acting in official capacities, are immune from suit under § 1983 pursuant to the Eleventh Amendment, which, absent congressional abrogation, "protects a State from being sued in federal court

without the State's consent." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003). Eleventh Amendment immunity from suit in federal court applies not only when the state itself is sued, but also when an "arm of the state" is sued. *Id.*

In this case, the parties dispute whether Hamilton and Dreyer, when acting in their official capacities, were arms of the state. This court is bound to follow the Eleventh Circuit's decision in *Manders*,[1] which holds that a Georgia sheriff in his official capacity "is an arm of the state . . . in establishing use-of-force policy at the jail and in training and disciplining his deputies in that regard . . . ." *Id.* at 1328. Courts in the Eleventh Circuit have routinely determined that when a sheriff is acting as an arm of the state, his deputies are also entitled to Eleventh Amendment immunity from suits for money damages in their official capacities. *Morgan v. Fulton Cty. Sheriff's Dep't*, No. CIVA 1:05CV1576 JOF, 2007 WL 1810217, at *5 (N.D. Ga. June 21, 2007) (citing *Gates v. Jolley*, No. 4:06-CV-50(CDL), 2007 WL 106533, *3 (M.D. Ga. Jan. 8, 2007); *Slater v. Henderson*, No. Civ.A. 5:03-CV-241, 2006 WL 1517068, *1 (M.D. Ga. May 24, 2006); *Bunyon v. Burke County*, 306 F.Supp.2d 1240, 1255 (S.D. Ga. 2004); *Mladek v. Day*, 293 F.Supp.2d

---

[1] The plaintiff argues that there is a good faith basis to overrule *Manders*. However, this argument is misplaced before this court. Rather, the plaintiff must raise this argument with the Eleventh Circuit as this court has no power to overrule the higher court.

5

1297, 1304 (M.D. Ga. 2003)). Therefore, this court cannot reach any conclusion other than Hamilton and Dreyer, as sheriff's employees supervising and administering the DeKalb County Jail, are entitled to Eleventh Amendment immunity. Accordingly, the official capacity claims against Hamilton and Dreyer are barred by the Eleventh Amendment.

### IV. Conclusion

Based on the foregoing, the motion to dismiss the official capacity claims against Hamilton and Dreyer [Doc. No. 92] is GRANTED.

Despite being served with the amended complaint on May 13, 2020, Defendant Dreyer has not responded to the individual capacity claims against him. In deference to his pro se status, the court will afford him 21 days from the date of this order to file his answer. If no answer is filed, the plaintiff shall be free to seek a clerk's entry of default as to the individual capacity claims against Dreyer.

The clerk is DIRECTED to mail a copy of this order, return receipt requested, to Leonard Dreyer at 757 Arcadia Ave., Decatur, GA 30030.

**SO ORDERED** this 7th day of October, 2020.

/s/CHARLES A. PANNELL, JR.
CHARLES A. PANNELL, JR.
United States District Judge